## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHAVEZ LAW OFFICES, PA,**

      **Plaintiff,**

                                             **No.**

**v.**

**ENRIQUE "KIKI" VIGIL, in his official capacity**
**as Sheriff of Doña Ana County, BOARD OF COUNTY**
**COMMISSIONERS OF DOÑA ANA COUNTY,**
**JULIA BROWN, individually and in her official capacity**
**as Doña Ana County Manager, and FERNANDO**
**MACIAS, individually and in his official capacity as**
**Doña Ana County Manager,**

      **Defendants.**

## NOTICE OF REMOVAL

Defendants Board of County Commissioners of Doña Ana County, Julia Brown, and Fernando Macias, by and through counsel MYNATT MARTÍNEZ SPRINGER P.C. (Blaine T. Mynatt and Damian L. Martínez) hereby give notice of removal to this Court of the civil action filed in the Third Judicial District Court for the State of New Mexico, as Cause No. D-307-CV-2020-01799 and, in support of this removal, state as follows:

1. On August 28, 2020, Plaintiff Chavez Law Offices brought the above action alleging 10 claims against the above-named Defendants. A copy of the Complaint is attached hereto as "Exhibit A."

2. The **First Claim for Relief** in the Complaint alleges a breach of contract and a right of recovery; the **Second Claim for Relief** alleges Defendants breached their duty to act in good faith and fair dealing; the **Third Claim for Relief** alleges a violation of the Unfair Trade Practices Act (NMSA § 57-12-1 *et seq.*);  the **Fourth Claim for Relief** alleges

negligence in that all Defendants owed a duty of reasonable and ordinary care in the performance of their duties; the **Fifth Claim for Relief** alleges that Defendants are liable for damages proximately caused by Defendants' negligent misrepresentations; the **Sixth Claim for Relief** alleges fraud on the part of Defendants; the **Seventh Claim for Relief** alleges unconscionable trade practice; the **Eighth Claim for Relief** alleges civil conspiracy by Defendants; the **Ninth Claim for Relief** alleges Defendants, individually or in concert with one another, participated in activities within the meaning of 18 U.S.C. § 1961 *et seq.* (Racketeer Influenced and Corrupt Organizations Act); the **Tenth Claim for Relief** alleges a violation of the Governmental Conduct Act (NMSA § 10-16-1 *et seq.* (Exhibit A).

## Timeliness

3.   On August 28, 2020, Plaintiff filed its Complaint in the Third Judicial District Court.

4.   On September 8, 2020, Counsel for Defendants obtained a court-endorsed copy of the Complaint.

5.   Pursuant to 28 U.S.C. Section 1446(b)(1), this *Notice of Removal* is timely filed.

## Basis for Removal of 18 U.S.C. § 1961 Claim

6.   Under 28 U.S.C. Section 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.   Under 28 U.S.C. Section 1441, a civil action brought in a state court over which a federal district court has original jurisdiction, may be removed by the defendants to the federal district court.

8.   Because the Ninth Claim for Relief of Plaintiffs' Complaint asserts a claim pursuant to the federal law 18 U.S.C. § 1961, this Court has original jurisdiction over the case and removal is proper.

### Supplemental Jurisdiction

9.  28 U.S.C. Section 1367(a) provides that, generally, in a civil action where the federal district courts have original jurisdiction, they will also have supplemental jurisdiction over all other claims sufficiently related to the claims giving original jurisdiction that they constitute the same case or controversy.

10. Under federal case law, a claim is part of the same case or controversy if it derives from a common nucleus of operative fact. *Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010).

11. Here, the Plaintiff has asserted state tort claims in Claims 1-8 and 10 of the Complaint. *See* Exhibit A.

12. Each of these Claims arises from the common nucleus of operative facts giving rise to the Ninth Claim for Relief, brought under 18 U.S.C. § 1961, and therefore are subject to the supplemental jurisdiction of this Court.

13. Defendants, pursuant to the Local Rules for the United States District Court for the District of New Mexico, have attached copies of all the pleadings filed in the state action hereto as "Exhibit B."

14. Defendants have further attached the court docket as of September 29, 2020 hereto as "Exhibit C."

15. Defendants have attached the Civil Cover Sheet for this removal action hereto as "Exhibit D."

WHEREFORE, Defendants Board of County Commissioners of Doña Ana County, Julia Brown, and Fernando Macias respectfully request that this matter be removed in its entirety from New Mexico's Third Judicial District Court to this Court for consideration.

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

BLAINE T. MYNATT
New Mexico Bar No. 9471
DAMIAN L. MARTÍNEZ
New Mexico Bar No. 14678
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

Gene N. Chavez
Chavez Law Offices, PA
1220 5th Street NW
Albuquerque, NM  87102
(505) 243-4363
gene@chavezlawoffice.com

BLAINE T. MYNATT

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/28/2020 12:08 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

THIRD JUDICIAL DISTRICT
COUNTY OF DONA ANA
STATE OF NEW MEXICO

CHAVEZ LAW OFFICES, PA,
a New Mexico corporation,

       Plaintiff,

vs.

ENRIQUE "KIKI" VIGIL, in his
official capacity as Sheriff of Doña
Ana County, BOARD OF COUNTY
COMMISSIONERS OF DOÑA ANA
COUNTY, JULIA BROWN, individually
and in her official capacity as Doña Ana
County Manage & FERNANDO MACIAS,
individually and in his official capacity as
Doña Ana County Manager,

       Defendants.

Case No.   D-307-CV-2020-01799

Arrieta, Manuel I.

## **COMPLAINT FOR DAMAGES**

       PLAINTIFF, by and through its attorneys undersigned, Chavez Law Offices, PA

(Gene N. Chavez), states and alleges:

1.     Plaintiff is a New Mexico corporation in the business of providing legal services in the state of New Mexico and at all times relevant, was duly licensed to conduct business in New Mexico.

2.     Upon information and belief, Defendant Enrique Vigil is a resident of Dona Ana County, State of New Mexico.

3.     Defendant Board of County Commissioners of Doña Ana County is the governing board of said county.

4.     Defendant Julia Brown was the County Manager of Doña Ana County, serving under contract with the Board of County Commissioners.

5.     Defendant Fernando Macias is the County Manager of Dona Ana County, serving under contract with the Board of County Commissioners.

Exhibit A

YJC

6.     Jurisdiction and venue are proper in the District Court of Bernalillo County, New Mexico, pursuant to N.M.S.A. §§ 38-3-1 (1978).

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff incorporates paragraphs above in full.

8.     On or about November 20, 2015, Defendant entered into a contract wth the Plaintiff wherein the Plaintiff agreed to represent the Defendant in several matters involving the Dona Ana County Sheriff's Office, including but not limited to:  Case No. D-307-2015-02534 and Case No. D-307-2016-00228, both filed in the Dona Ana County District Court.

9.     Defendant entered into a contract wth the Plaintiff wherein the Plaintiff agreed to represent the Defendant filed in the Dona Ana County District Court.  (See Exhibit A, attached).

10.    At all times relevant, Defendant Vigil represented that he had the authority and ability to contract Plaintiff to perform legal services on his behalf and upon behalf of the Dona Ana County Sheriff's Office.

11.    In exchange for Plaintiff's representation outlined in paragraph 2, Defendant agreed to compensate Plantiff $300.00 per hour, plus costs and New Mexico Gross receipts taxes.  (See Exhibit A, attached).

12.    Upon conclusion of the cases, Plaintiff submitted a detailed billing statement and invoice for the representation of one of the above referenced cases.

13.    In spite of Defendant's repeated assurances that payment would be made, Defendant has failed to pay Plaintiff for services rendered.  Defendant

Vigil assured Plaintiff that his office would pay and that all policies and procedures to procure said payment have been followed.

14.     Defendant Vigil made promises that said amounts would be paid up until the end of his term as Sheriff of Dona Ana County, through December 31, 2018 and even after.

### First Claim for Relief:  Breach of Contract

15.     Plaintiff realleges paragraphs above as if set forth in full herein.

16.     The written and oral agreements between Plaintiff and Defendants constituted a valid and binding agreement under.

17.     Defendants breached this contract by refusing to pay for the services rendered.

18.     As a result of Defendants' breach, Plaintiff has been damaged and is entitled to recover these damages in an amount to be proven at trial.

19.     The acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiff to an award of punitive damages.

### Second Claim for Relief:  Breach of Duty of Good Faith and Fair Dealing

20.     Plaintiff realleges above paragraphs above in full.

21.     As alleged above, the oral and written agreements were valid, binding contracts requiring defendants to act in good faith and deal fairly in performance of the contract.

22.     Defendants breached their duty of good faith and fair dealing in the execution of these agreements.

23.    As a result of defendants' breach, Plaintiff has been damaged and is
       entitled to     recover these damages in an amount to be proven at trial.

24.    The acts of defendants alleged herein were willful, wanton, reckless,
       and/or intentional, thereby entitling Plaintiff to an award of punitive
       damages.

**Third Claim for Relief:  Violation of the Unfair Trade Practices Act**

25.    Plaintiffs reallege paragraphs above in full.

26.    Defendants held themselves as artists, promoters and/or agents in the
       entertainment industry.

27.    Defendants have violated the Unfair Practices Act (NMSA § 57-12-1 *et
       seq.*).  Such violations include, but are not limited to:

       a)    Failure to pay for services contracted for;

       b)    Entering into a transaction that resulted in a gross
             disparity between the value received by Plaintiff
             and the price paid by Plaintiff.

28.    Plaintiff has been damaged by Defendants' violations, and is entitled to
       recover these damages in an amount to be proven at trial, which must be
       tripled in accordance with NMSA § 57-12-10(B).

29.    In addition to these damages, Plaintiff is entitled to attorney's fees and
       costs under NMSA § 57-12-10(B).

**Fourth Claim for Relief:  Negligence**

30.    Plaintiff realleges paragraphs above in full.

31.    All named Defendants owe a duty of reasonable and ordinary care to ensure that employees, elected officials and government officials perform their duties and follow protocol and procedures.

32.    Defendants' failure to perform that duty constituted a breach of that duty.

33.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed is entitled to damages in an amount to be proven at trial.

34.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiff to an award of punitive damages.

**Fifth Claim for Relief:  Negligent Misrepresentation**

35.    Plaintiff realleges paragraphs above in full.

36.    Defendants are liable for damages proximately caused by Defendants' negligent misrepresentations.  Such misrepresentations include but are not limited to:

        a.    deceiving Plaintiff about ability to hire Plaintiff;

        b.    deceiving Plaintiff about the ability to pay Plaintiff;

        c.    deceiving Plaintiff about the process of payment;

37.    Defendants knew or should have known of the falsity of the representations.

38.    Defendants did not exercise ordinary care in obtaining or communicating the information conveyed.

39.    Defendants should have reasonably foreseen that Plaintiff would be harmed if the information conveyed was incorrect or misleading.

40.    Plaintiff justifiably relied on the information.

41.     As a direct and proximate result of the Defendants' actions, Plaintiff has

been harmed and is entitled to damages in an amount to be proven at trial.

42.     The acts of Defendants alleged herein were willful, wanton, reckless and

intentional, thereby entitling Plaintiffs to an award of punitive damages.

**Sixth Claim for Relief:  Fraud**

43.     Plaintiff realleges paragraphs above in full.

44.     Defendants are liable for damages proximately caused by Defendants'

fraudulent misrepresentations about the contracts, the ability to hire the

Plaintiff and that proper steps and procedures were followed to pay

Plaintiff.

45.     Defendants knew or should have known of the falsity of the

representation.

46.     The acts of Defendants alleged herein were made with the intent to

deceive and to induce Plaintiff to rely on the representations.

47.     Plaintiff did in fact rely on the representations during the course of the

transactions.

48.     As a direct and proximate result of the Defendants' actions, Plaintiff has

been harmed and is entitled to damages in an amount to be proven at trial.

49.     The acts of Defendants alleged herein were willful, wanton, reckless and

intentional, thereby entitling Plaintiffs to an award of punitive damages.

**Seventh Claim for Relief:  Unconscionable Trade Practice**

50.     Plaintiff realleges paragraphs above in full.

51.     As stated previously, Defendants received a benefit while Plaintiff received none;

52.     A gross disparity between the value received by the Plaintiff and the price paid occurred as a result of Defendants' conduct.

53.     As a result of Defendants' conduct, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

54.     Plaintiff has been damaged by defendants' violations and is entitled to recover those damages in an amount to be proven at trial, which must be tripled in accordance with N.M. Stat. § 57-12-10(C).

55.     In addition to these damages, Plaintiff is entitled to attorney's fees and costs under N.M. Stat. § 57-12-10(C).

**Eighth Claim for Relief:  Civil Conspiracy**

56.     Plaintiff realleges paragraphs above in full.

57.     A conspiracy between the Defendants existed.  Defendants knew or should have known of the existence of the agreements and its terms.  Defendants Brown and Dona Ana Board of County Commissioners were aware that Defendant Vigil hired Plaintiff for services rendered and that he followed proper procedures and policies to enter the agreements and pay Plaintiff.

58.     Specific wrongful acts were carried out by the Defendants and/or between Defendants.  Such acts include, but are not limited to: breach of contract, fraud, breach of unfair practices, concealment of funds, failure to provide payment, failure to provide accounting, laundering of funds to other subsidiaries and co-mingling of funds to hide records.  Further, some

Defendants took actions to inhibit and hinder the action of other Defendants.

59.     As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

60.     The acts of Defendant alleged herein were willful, wanton, reckless and/or intentional, thereby entitling Plaintiffs to an award of punitive damages.

**Ninth Claim for Relief:  18 U.S.C. 396 Racketeer Influenced and Corruption**

61.     Plaintiff realleges paragraphs above in full.

62.     At least one or more of the defendants, individually or in concert with at least one or more of the other defendants have received a benefit, directly or indirectly, from a pattern of racketeering activity or through refusal to pay a lawful debt in which such person has participated as a principal within the meaning of section 2 title 18, United States Code. (See 18 U.S.C. 1961, 18 U.S.C. 1962, 18 U.S.C. 1963, 18 U.S.C. 1964, 18 U.S.C. 1965).

**Tenth Claim for Relief: Violation of the Governmental Conduct Act**

63.     Plaintiff realleges paragraphs above in full.

64.     Defendants have violated the Violation of the Governmental Act (NMSA § 10-16-1 *et seq.*).  Such violations include, but are not limited to:

        a)     Taking actions to prevent Defendant Vigil from investigating Defendants Brown and other Dona Ana County employees;

b)      Denying payment of Plaintiff's invoices when Defendant Vigil and/or his staff properly submitted payment.

c)      Taking an official position that Defendant Vigil and/or his staff did not properly obtain authorization when they actually did so;

d)      Intentionally impairing an investigation of Defendant Vigil because Defendants Brown, County Attorney Nelson Goodin and others were the actual persons of interest.

28.     Plaintiff has been damaged by Defendants' violations, and is entitled to recover these damages in an amount to be proven at trial.

29.     The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

**Conclusion**

**WHEREFORE**, Plaintiff prays that judgment be entered in its favor, against defendants, and grant Plaintiff the following relief:

A.      Compensatory damages in an amount to be determined at trial, which must be tripled in accordance with N.M. Stat. § 57-12-10(B) if awarded for defendant's violations of the Unfair Practices Act;

B.      Special damages in an amount to be determined at trial;

C.      Punitive damages;

D.      Pre-judgment and post-judgment interest;

E.      Enter an Order requiring all defendants to provide an accounting;

F.      Attorney's fees and costs; and

G.     Any additional relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Gene N. Chavez*
Gene N. Chavez
1220 5th St. NW
Albuquerque, New Mexico 87102
505-243-4363
505-217-2157-fax
gene@chavezlawoffices.com

Attorney for Plaintiff

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/28/2020 12:08 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

THIRD JUDICIAL DISTRICT
COUNTY OF DONA ANA
STATE OF NEW MEXICO

CHAVEZ LAW OFFICES, PA,
a New Mexico corporation,

     Plaintiff,

vs.                           Case No.  D-307-CV-2020-01799

ENRIQUE "KIKI" VIGIL, in his                Arrieta, Manuel I.
official capacity as Sheriff of Doña
Ana County, BOARD OF COUNTY
COMMISSIONERS OF DOÑA ANA
COUNTY, JULIA BROWN, individually
and in her official capacity as Doña Ana
County Manage & FERNANDO MACIAS,
individually and in his official capacity as
Doña Ana County Manager,

     Defendants.

## **COMPLAINT FOR DAMAGES**

PLAINTIFF, by and through its attorneys undersigned, Chavez Law Offices, PA

(Gene N. Chavez), states and alleges:

1.     Plaintiff is a New Mexico corporation in the business of providing legal
services in the state of New Mexico and at all times relevant, was duly
licensed to conduct business in New Mexico.

2.     Upon information and belief, Defendant Enrique Vigil is a resident of
Dona Ana County, State of New Mexico.

3.     Defendant Board of County Commissioners of Doña Ana County is the
governing board of said county.

4.     Defendant Julia Brown was the County Manager of Doña Ana County,
serving under contract with the Board of County Commissioners.

5.     Defendant Fernando Macias is the County Manager of Dona Ana County,
serving under contract with the Board of County Commissioners.

Exhibit B

6.      Jurisdiction and venue are proper in the District Court of Bernalillo
County, New Mexico, pursuant to N.M.S.A. §§ 38-3-1 (1978).

## FACTS COMMON TO ALL COUNTS

7.      Plaintiff incorporates paragraphs above in full.

8.      On or about November 20, 2015, Defendant entered into a contract wth
the Plaintiff wherein the Plaintiff agreed to represent the Defendant in
several matters involving the Dona Ana County Sheriff's Office, including
but not limited to:  Case No. D-307-2015-02534 and Case No. D-307-
2016-00228, both filed in the Dona Ana County District Court.

9.      Defendant entered into a contract wth the Plaintiff wherein the Plaintiff
agreed to represent the Defendant filed in the Dona Ana County District
Court.  (See Exhibit A, attached).

10.     At all times relevant, Defendant Vigil represented that he had the authority
and ability to contract Plaintiff to perform legal services on his behalf and
upon behalf of the Dona Ana County Sheriff's Office.

11.     In exchange for Plaintiff's representation outlined in paragraph 2,
Defendant agreed to compensate Plantiff $300.00 per hour, plus costs and
New Mexico Gross receipts taxes.  (See Exhibit A, attached).

12.     Upon conclusion of the cases, Plaintiff submitted a detailed billing
statement and invoice for the representation of one of the above referenced
cases.

13.     In spite of Defendant's repeated assurances that payment would be made,
Defendant has failed to pay Plaintiff for services rendered.  Defendant

Vigil assured Plaintiff that his office would pay and that all policies and procedures to procure said payment have been followed.

14. Defendant Vigil made promises that said amounts would be paid up until the end of his term as Sheriff of Dona Ana County, through December 31, 2018 and even after.

### First Claim for Relief:  Breach of Contract

15. Plaintiff realleges paragraphs above as if set forth in full herein.

16. The written and oral agreements between Plaintiff and Defendants constituted a valid and binding agreement under.

17. Defendants breached this contract by refusing to pay for the services rendered.

18. As a result of Defendants' breach, Plaintiff has been damaged and is entitled to recover these damages in an amount to be proven at trial.

19. The acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiff to an award of punitive damages.

### Second Claim for Relief:  Breach of Duty of Good Faith and Fair Dealing

20. Plaintiff realleges above paragraphs above in full.

21. As alleged above, the oral and written agreements were valid, binding contracts requiring defendants to act in good faith and deal fairly in performance of the contract.

22. Defendants breached their duty of good faith and fair dealing in the execution of these agreements.

23.   As a result of defendants' breach, Plaintiff has been damaged and is entitled to        recover these damages in an amount to be proven at trial.

24.   The acts of defendants alleged herein were willful, wanton, reckless, and/or intentional, thereby entitling Plaintiff to an award of punitive damages.

**Third Claim for Relief:  Violation of the Unfair Trade Practices Act**

25.   Plaintiffs reallege paragraphs above in full.

26.   Defendants held themselves as artists, promoters and/or agents in the entertainment industry.

27.   Defendants have violated the Unfair Practices Act (NMSA § 57-12-1 *et seq.*).  Such violations include, but are not limited to:

        a)   Failure to pay for services contracted for;

        b)   Entering into a transaction that resulted in a gross disparity between the value received by Plaintiff and the price paid by Plaintiff.

28.   Plaintiff has been damaged by Defendants' violations, and is entitled to recover these damages in an amount to be proven at trial, which must be tripled in accordance with NMSA § 57-12-10(B).

29.   In addition to these damages, Plaintiff is entitled to attorney's fees and costs under NMSA § 57-12-10(B).

**Fourth Claim for Relief:  Negligence**

30.   Plaintiff realleges paragraphs above in full.

4

31.    All named Defendants owe a duty of reasonable and ordinary care to ensure that employees, elected officials and government officials perform their duties and follow protocol and procedures.

32.    Defendants' failure to perform that duty constituted a breach of that duty.

33.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed is entitled to damages in an amount to be proven at trial.

34.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiff to an award of punitive damages.

### Fifth Claim for Relief:  Negligent Misrepresentation

35.    Plaintiff realleges paragraphs above in full.

36.    Defendants are liable for damages proximately caused by Defendants' negligent misrepresentations.  Such misrepresentations include but are not limited to:

   a.    deceiving Plaintiff about ability to hire Plaintiff;

   b.    deceiving Plaintiff about the ability to pay Plaintiff;

   c.    deceiving Plaintiff about the process of payment;

37.    Defendants knew or should have known of the falsity of the representations.

38.    Defendants did not exercise ordinary care in obtaining or communicating the information conveyed.

39.    Defendants should have reasonably foreseen that Plaintiff would be harmed if the information conveyed was incorrect or misleading.

40.    Plaintiff justifiably relied on the information.

41.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

42.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

### Sixth Claim for Relief:  Fraud

43.    Plaintiff realleges paragraphs above in full.

44.    Defendants are liable for damages proximately caused by Defendants' fraudulent misrepresentations about the contracts, the ability to hire the Plaintiff and that proper steps and procedures were followed to pay Plaintiff.

45.    Defendants knew or should have known of the falsity of the representation.

46.    The acts of Defendants alleged herein were made with the intent to deceive and to induce Plaintiff to rely on the representations.

47.    Plaintiff did in fact rely on the representations during the course of the transactions.

48.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

49.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

### Seventh Claim for Relief:  Unconscionable Trade Practice

50.    Plaintiff realleges paragraphs above in full.

51.    As stated previously, Defendants received a benefit while Plaintiff
received none;

52.    A gross disparity between the value received by the Plaintiff and the price
paid occurred as a result of Defendants' conduct.

53.    As a result of Defendants' conduct, Plaintiff has been harmed and is
entitled to damages in an amount to be proven at trial.

54.    Plaintiff has been damaged by defendants' violations and is entitled to
recover those damages in an amount to be proven at trial, which must be
tripled in accordance with N.M. Stat. § 57-12-10(C).

55.    In addition to these damages, Plaintiff is entitled to attorney's fees and
costs under N.M. Stat. § 57-12-10(C).

### Eighth Claim for Relief:  Civil Conspiracy

56.    Plaintiff realleges paragraphs above in full.

57.    A conspiracy between the Defendants existed.  Defendants knew or should
have known of the existence of the agreements and its terms.  Defendants
Brown and Dona Ana Board of County Commissioners were aware that
Defendant Vigil hired Plaintiff for services rendered and that he followed
proper procedures and policies to enter the agreements and pay Plaintiff.

58.    Specific wrongful acts were carried out by the Defendants and/or between
Defendants.  Such acts include, but are not limited to: breach of contract,
fraud, breach of unfair practices, concealment of funds, failure to provide
payment, failure to provide accounting, laundering of funds to other
subsidiaries and co-mingling of funds to hide records.  Further, some

7

Defendants took actions to inhibit and hinder the action of other Defendants.

59.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

60.    The acts of Defendant alleged herein were willful, wanton, reckless and/or intentional, thereby entitling Plaintiffs to an award of punitive damages.

**Ninth Claim for Relief:  18 U.S.C. 396 Racketeer Influenced and Corruption**

61.    Plaintiff realleges paragraphs above in full.

62.    At least one or more of the defendants, individually or in concert with at least one or more of the other defendants have received a benefit, directly or indirectly, from a pattern of racketeering activity or through refusal to pay a lawful debt in which such person has participated as a principal within the meaning of section 2 title 18, United States Code. (See 18 U.S.C. 1961, 18 U.S.C. 1962, 18 U.S.C. 1963, 18 U.S.C. 1964, 18 U.S.C. 1965).

**Tenth Claim for Relief: Violation of the Governmental Conduct Act**

63.    Plaintiff realleges paragraphs above in full.

64.    Defendants have violated the Violation of the Governmental Act (NMSA § 10-16-1 *et seq.*).  Such violations include, but are not limited to:

    a)    Taking actions to prevent Defendant Vigil from investigating Defendants Brown and other Dona Ana County employees;

    b)     Denying payment of Plaintiff's invoices when Defendant Vigil and/or his staff properly submitted payment.

    c)     Taking an official position that Defendant Vigil and/or his staff did not properly obtain authorization when they actually did so;

    d)     Intentionally impairing an investigation of Defendant Vigil because Defendants Brown, County Attorney Nelson Goodin and others were the actual persons of interest.

28.    Plaintiff has been damaged by Defendants' violations, and is entitled to recover these damages in an amount to be proven at trial.

29.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

## Conclusion

**WHEREFORE**, Plaintiff prays that judgment be entered in its favor, against defendants, and grant Plaintiff the following relief:

A.    Compensatory damages in an amount to be determined at trial, which must be tripled in accordance with N.M. Stat. § 57-12-10(B) if awarded for defendant's violations of the Unfair Practices Act;

B.    Special damages in an amount to be determined at trial;

C.    Punitive damages;

D.    Pre-judgment and post-judgment interest;

E.    Enter an Order requiring all defendants to provide an accounting;

F.    Attorney's fees and costs; and

G.      Any additional relief that this Court deems just and proper.

Respectfully submitted,

_/s/ Gene N. Chavez_
Gene N. Chavez
1220 5th St. NW
Albuquerque, New Mexico 87102
505-243-4363
505-217-2157-fax
gene@chavezlawoffices.com

Attorney for Plaintiff

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
8/28/2020 4:31 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Yessenia J. Canales

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT


CHAVEZ LAW OFFICES PA,

                              Plaintiff,

V.                                                      Case No.    D-307-CV-2020-01799

                                                        Judge

ENRIQUE "Kiki" VIGIL et al,                             **Manuel I. Arrieta**


                    Defendants.

## ORDER REQUIRING SCHEDULING REPORTS, A DISCOVERY PLAN, EXPERT WITNESS DISCLOSURE, AND LIMITING STIPULATIONS TO ENLARGE TIME FOR RESPONSIVE PLEADINGS

IT IS SO ORDERED:

A.    Plaintiff shall serve a copy of this order on each defendant with the summons and complaint and file a certificate of such service. Parties other than plaintiffs who assert claims against others who have not been served with this order shall serve a copy of this order on those against whom they assert claims with the pleading asserting such claims and shall file a certificate of such service.

B.    Within sixty (60) calendar days after the initial pleading is filed, parties of record shall file a scheduling report with copies to opposing parties and the assigned judge. Parties shall confer and are encouraged to file a Joint Scheduling Report, LR3-Form 2.12 NMRA for Track A or LR3-Form 2.13 for Tracks B and C, or, if they cannot agree, file an individual Scheduling Report, LR3-Form 2.13 NMRA. *See* copies of forms attached hereto.

C.    Any party who enters an appearance in the case more than sixty (60) calendar days after the filing of the initial pleading shall file a scheduling report within ten (10) business days and deliver a copy to the assigned judge.

YJC

D.      If all parties are not of record within sixty (60) calendar days of the filing of the initial pleading, the party making claims against the absent parties *(Plaintiff for Defendants, Third-Party Plaintiffs for Third-Party Defendants, etc.)* shall, within five (5) business days after the sixtieth (60th) day, file and serve parties of record and deliver to the assigned judge, a written explanation why the case is not at issue and how much time is needed before the case will be at issue. The notice shall be titled "Delay in Putting the Matter at Issue."

E.      Counsel or parties who do not have attorneys may not stipulate to an enlargement of time greater than fourteen (14) calendar days for the filing of a responsive pleading without a motion and order. The motion shall state with particularity the reason(s) an enlargement is in the best interests of the parties. A copy of the motion and stipulation shall be delivered to all parties as well as counsel. The enlargement requested shall be for a specified time.

F.      When all parties have been joined and the case is at issue, the parties shall immediately notify in writing the assigned judge and the alternative dispute resolution coordinator.

G.      If appropriate, the court will refer this matter to settlement facilitation under Part VI of the Local Rules of the Third Judicial District Court.

H.      Within seventy-five (75) calendar days from the date the initial pleading is filed, or fifteen (15) calendar days after the parties alert the Court that the case is at issue, the parties shall either:

(1)     stipulate to a discovery plan and file the stipulation with the court, or

(2)     request a hearing to establish a discovery plan pursuant to Paragraph F of Rule 1-026 NMRA.

(3)     In the absence of a stipulated discovery plan or a timely request from a party for a hearing to establish a discovery plan, the following plan shall go into effect:

Within one hundred (100) calendar days after the initial pleading was filed or fifteen (15) calendar days after a party has entered the suit, whichever is the later date, each party shall provide to all other parties:

a.      The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed issues raised by the pleadings, identifying the subjects of the information;

b.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed issues raised by the pleadings;

c.     A computation of any category of damages claimed by the disclosing party, providing copies or making available for inspection and copying the documents or other evidentiary materials and medical records and opinions, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

d.     For inspection and copying, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

e.     If the medical condition of a party is at issue, such party shall give a medical release authorization to opposing parties. The parties shall confer regarding the nature and extent of the release and stipulate, if possible. If the parties cannot agree, each party shall file a memorandum with a proposed medical release authorization advocating that party's proposed form to the court. A copy of the memorandum and proposed form shall be delivered to the assigned judge. Rule 1-007.1 NIMRA shall apply.

I.     Pursuant to Rule 1-026(E) NMRA, parties shall reasonably supplement discovery required in Subparagraphs (3)(a) through (e) of Paragraph H of this Order.

J.     Intent to Call Expert Witness - Disclosure. All parties shall exchange a "Notice of Intent to Call Expert Witness(es)" listing the names, addresses and phone numbers for all anticipated experts, including a brief summary of the subject matter of each witness' testimony. If an expert has not yet been identified by a party, the parties must list the specialized area(s) in which an expert is anticipated to be retained and a brief summary of the areas or issues on which the expert is expected to testify.

With respect to each expert listed, all parties are to observe their continuing duty to timely supplement discovery and shall further abide by the requirements of Section 8 of the attachment to the Rule 16(B) Scheduling Order.

_____
DISTRICT COURT JUDGE

Delivered to Plaintiff on **Friday August 28th, 2020**

David S. Borunda
Clerk of the District Court

_____
Deputy

LR3-Form 2.12

Supreme Court Approved
August 6, 2004

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

Plaintiff

vs.

NO.: D-307-CV
Judge:

Defendant

## JOINT SCHEDULING REPORT STIPULATING TO TRACK A

Come now all the parties to this case, (by their counsel of record) and stipulate as follows:

1   The court has subject matter and personal jurisdiction, and venue is proper.

2   This case is appropriate for assignment to Track A

3   The parties do not intend to amend the pleadings or file dispositive motions

4   All parties will be ready for trial by_____*(no more than six (6) months from filing of complaint)*

5   Witness lists will be exchanged and filed forty-five (45) days before trial

6   Discovery limited to interrogatories, requests for production and admission and no more than two (2) depositions per party.

7   All parties and counsel will either (a) select a facilitator by agreement of the parties, or (b) request the court's ADR coordinator to select a facilitator and will engage in a settlement conference within ninety (90) days from the date of the filing of the complaint. The parties may move for enlargement of time for the settlement conference for good cause shown The parties shall share the facilitator's fee, if any, equally.

8. Exhibits: exchanged at least fifteen (15) days before trial.

This Gury____ 6 ___ 12 nonjury ___ ) matter will take_____hours to try.

9. Conflicting court hearings (or other conflicts which show good cause for not setting trial)

, for two (2) months following the date the matter is ready for trial:

_____

_____

10. Other: _____

SUBMITTED BY:

Name of party: _____
Attorney: _____
Address: _____
_____
Telephone Number _____


Name of party: _____
Attorney: _____
Address: _____
_____
Telephone Number _____

CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the____ day of _____,20 ___ _

_____
Signature

LR3-Form 2.13. (_____'s) Goint) scheduling report.

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

                              , Plaintiff


vs.

                                        NO.: D-307-CV
                                        Judge:
                        , Defendant


                    (_____'S) (JOINT) SCHEDULING REPORT

1 . This case should be assigned to Track_____
2 . Jurisdiction and Venue:_____Stipulated;_____Disputed;
        Why:_____
3              Non Jury;              6-personjury;_____12-person jury.
4 . Significant legal issues, if any:  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
_____
5.  Trial witnesses presently known (defendant's, plaintiffs, etc.):  _____
        State expert type: _____
6 . Settlement
        _____[I] [We] have sufficient information to evaluate the case.  ·
        _____[I] [We] have provided sufficient information for opposing parties to
        evaluate the case.
        _____[I][We] need the following information from_____to evaluate the
        case: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
        _____
        _____  [I] [We] need the following discovery to obtain information sufficient to
        evaluate the case:
                                        Explain why such information
        cannot be obtained informally without formal discovery:
        _____
        _____[I] [We] have scheduled a settlement conference on _____,20___  _
        with_____(facilitator) or have requested the court's ADR
        coordinator to refer to facilitation.
                                Or
        _____  [I] [We] request that this not be referred to facilitation  because:
        _____
The possibility of settlement is _ _ good._____fair,_____poor.

· 7. Discovery:

[I] [We] estimate it will take_____months to complete discovery. *(Attach discovery plan if stipulated, or request for setting a discovery conference if wanted)* If any party requests a discovery conference, answer the following:

The party submitting this scheduling report intends to do the following discovery:

_____

*(If this is a joint scheduling report, each party shall answer this question.)*
[Plaintiff] [Defendant] intends to do the following discovery:
_____
_____

8.  [I] [We] estimate that trial will take    court days to try-
9.  Dates counsel will not be available for trial due to the following conflicting court settings *(beginning with the date immediately following the time you estimate discovery will be completed).*_____

10.  Stipulations: _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1 l. Other:
_____

SUBMITTED BY:

Name of party:      _____
Attorney:           _____
Address:            _____
                    _____
Telephone Number    _____
                    _____

Name of party:      _____
Attorney:           _____
Address:            _____
                    _____
Telephone Number    _____
                    _____

CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed, delivered or faxed a copy to the assigned judge and each party or each party's attorney on the___  day of_____20____  _

                    _____
                    Signature

D-307-CV-202001799 - Tuesday, October 6, 2020

# Chavez Law Offices, PA

## v.

# Enrique Vigil, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-307-CV-202001799 | Arrieta, Manuel I. | 08/28/2020 | LAS CRUCES  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | VIGIL ENRIQUE |
| D | Defendant | 2 | BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY |
| D | Defendant | 3 | BROWN JULIA |
| D | Defendant | 4 | MACIAS FERNANDO |
| P | Plaintiff | 1 | CHAVEZ LAW OFFICES, PA |
| | | ATTORNEY: CHAVEZ GENE N. | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/28/2020 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Tort: Property Damage Non Auto |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 08/28/2020 | DCM (Differentiated Case Management)  Scheduling Order | | P | 1 | |
| | Order Requiring Scheduling Reports, a Discovery Plan, Expert Witness Discolosure, and Limiting Stipulations to Enlarge time for Responsive Pleadings | | | | |
| 08/28/2020 | | | | | |
| 08/28/2020 | | | | | |
| 08/28/2020 | | | | | |
| 08/28/2020 | | | | | |
| 08/28/2020 | OPN: COMPLAINT | | P | 1 | |
| | Complaint for Damages | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 08/28/2020 | Arrieta, Manuel I. | 1 | INITIAL ASSIGNMENT |

Exhibit C

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Chavez Law Offices, PA | Board of County Commissioners of Dona Ana County, Julia Brown, Fernando Macias |
| **(b)** County of Residence of First Listed Plaintiff   Bernalillo<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Dona Ana<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Gene N. Chavez<br>1220 5th Street NW<br>Albuquerque, NM  87102 | Attorneys *(If Known)*<br>Blaine T. Mynatt, Damian L. Martinez<br>Mynatt Martinez Springer P.C.<br>1660 Hickory Loop |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government<br>Plaintiff | ☒ 3   Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government<br>Defendant | ☐ 4   Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☒ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>(15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS —Third Party<br>26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1   Original<br>Proceeding | ☒ 2   Removed from<br>State Court | ☐ 3   Remanded from<br>Appellate Court | ☐ 4   Reinstated or<br>Reopened | ☐ 5   Transferred from<br>Another District<br>*(specify)* | ☐ 6   Multidistrict<br>Litigation -<br>Transfer | ☐ 8   Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S. Code § 1961
Brief description of cause:
Alleged violation of RICO Act by defendants.

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☐ Yes   ☒ No |
|---|---|---|---|

## VIII. RELATED CASE(S)
IF ANY          *(See instructions):*          JUDGE _____          DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Oct 6, 2020 | /s/ Blaine T. Mynatt |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Exhibit D