IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CHAVEZ LAW OFFICES, P.A.,

    Plaintiff,

    v.                                                                                  Case No. 2:20-cv-01022-KWR-KRS

ENRIQUE 'KIKI' VIGIL,
BOARD OF COUNTY COMMISSIONERS OF DONA ANA
COUNTY, JULIA BROWN, FERNANDO MACIAS,

    Defendants.

## ORDER DENYING MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court (hereinafter, the "Motion"), filed October 14, 2020 **(Doc. 4)**. No reply was filed and the reply deadline has passed. Plaintiff did not file a notice of extension as required under local rules. D.N.M.LR.-Civ. 7.4(a). Therefore, the Court finds that this motion is fully briefed. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is not well taken and, therefore, is **DENIED**.

Plaintiff filed a ten-count complaint in New Mexico state court, including nine state law clams and one claim pursuant to the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. §§ 1964 ("any person injured in his business or property by reason of a violation of section 1962… may sue therefore in any appropriate United States District Court"), 1965(a) (1970) ("Any civil action or proceeding under [RICO] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."). Defendant subsequently filed a motion to remove

this case under federal question jurisdiction.  28 U.S.C. §§ 1331, 1441(a) (2011) (Civil actions brought in state court may be removed to federal district court when a federal court has original jurisdiction over the action.).

Plaintiff seeks to remand this claim solely on the ground that the amount in controversy does not exceed seventy-five thousand dollars ($75,000).  **(Doc. 4)**.  Plaintiff cites to 28 USC § 1332(A), the diversity jurisdiction statute.  However, as Defendants argue, this case was removed under federal question jurisdiction because it involves the federal RICO statute.  There is no amount in controversy requirement in a federal question case.  *See* 28 U.S.C.A. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Because there is federal question jurisdiction, the Court also has supplemental jurisdiction over the state law claims part of the same case or controversy.  28 U.S.C. § 1967(a).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 4)** is hereby **DENIED** for reasons described in this Memorandum Opinion and Order;

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE