**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**CHAVEZ LAW OFFICES, P.A.,**

     **Plaintiff,**

     **v.**                              **Case No. 2:20-cv-01022-KWR-KRS**

**ENRIQUE 'KIKI' VIGIL,
BOARD OF COUNTY COMMISSIONERS OF DONA ANA
COUNTY, JULIA BROWN, FERNANDO MACIAS,**

     **Defendants.**

**<u>DEFENDANTS' MOTION TO DISMISS CLAIMS
PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>**

Defendants Board of County Commissioners of Doña Ana County, Julia Brown, individually and in her official capacity, Fernando Macias, individually and in his official capacity, and Enrique "Kiki" Vigil, in his official capacity, by and through their counsel of record, MYNATT MARTÍNEZ SPRINGER P.C. (Blaine T. Mynatt and Damian L. Martínez), hereby submit this Motion to Dismiss.  Concurrence of counsel was sought but not obtained.

**INTRODUCTION**

On August 28, 2020, Plaintiff raised a 10-count complaint including state and federal claims against former Doña Ana County Sheriff Enrique Vigil in his official capacity, County Manager Fernando Macias in his official and individual capacity, former County Manager Julia Brown in her official and individual capacity, and the Board of County Commissioners for Doña Ana County ("Defendants").  On October 6, 2020, Defendants removed the suit to federal court on the basis of Plaintiff's count nine federal Racketeering Influenced Corrupt Organizations Act ("RICO") claim.

The Complaint raises breach of contract and a breach of the duty of good faith and fair dealing in Counts I and II; violations of the New Mexico Unfair Trade Practices Act ("UPA") in

Count III; "unconscionable trade practices" in Count VII; negligence, negligent misrepresentation, fraud, and civil conspiracy claims in Counts IV–VI, and VIII; a RICO claim in Count IX; and a New Mexico Governmental Act ("NMGA") claim in Count X.  Defendants move to dismiss all but Count IX for Plaintiff's failure to state proper claims pursuant to Fed. R. Civ. P. 12(b)(6).

For purposes of this Motion, the Court must dismiss Counts III and VII for failing to state proper claims against Defendants.  The County is not engaged in trade practices governed under the UPA or that might be governed by the so-called common law "unconscionable trade practices" claim in Count VII, and all public contracts with the County are exclusively governed by the New Mexico Procurement Code in tandem with the County's purchasing ordinances.  With respect to Counts IV–VI, and VIII, the New Mexico Tort Claims Act ("NMTCA") does not waive immunity for Plaintiff's negligence, negligent misrepresentation, fraud, and civil conspiracy claims which must be dismissed as improper claims against Defendants.  Count X's NMGA claims fail, because none of the allegations fall within the violations defined under the Act.

Individual Defendants further move to dismiss themselves as improper parties from the suit in their official and individual capacities pursuant to Fed. R. Civ. P. 21.  Suits against public officials in their official capacity are merely suits against the entities they represent.  The claims against Mr. Vigil and the portions of the claims and Mr. Macias and Ms. Brown in their official capacities are thus duplicative and improper pursuant to Fed. R. Civ. P. 10(a).

Finally, the Court must dismiss individual Defendants in their individual capacity.  Per notice pleading standards, the Complaint fails to describe any specific wrongdoing committed by individual Defendants or describe how they acted outside the scope of their duties to justify being named in their individual capacities.  Even accepting the truth of the facts in the Complaint, Plaintiff fails to state claims against Defendants and improperly named Mr. Macias, Mr. Vigil, and

Ms. Brown.  Accordingly, the Court must dismiss the claims in Count I–VIII, and X with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss individual Defendants as improper parties pursuant to Fed. R. Civ. P. 21.

## LEGAL STANDARDS

Fed. R. Civ. P. 8(a)(2) requires complaints to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Mere "labels and conclusions" with a formulaic recitation of a claim's cause of action falls short of notice pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants may move to dismiss claims in a complaint for failing to state claims for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Fed. R. Civ. P. 10(a) requires pleading captions to identify the name of all parties, and Fed. R. Civ. P. 21 enables courts to add or drop named parties.

"[T]o withstand a motion to dismiss [for failure to state a claim], a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. 544); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (Plaintiff state their claims to "nudge [their] claims across the line from conceivable to plausible" to survive a motion to dismiss).  Accepting a plaintiff's allegations as true does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court will simply "disregard conclusory statement and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Khalik*, 671 F.3d at 1191.

**ARGUMENT**

I.   **Plaintiff fails to state claims based upon the UPA and alleged unconscionable trade practices, because the NMTCA does not waive immunity for these claims nor is the UPA applicable to governmental entities.**

Without a waiver for UPA claims under the NMTCA, Plaintiffs fail to state claims against

Defendants.

A.   **Section 41-4-6 of the NMTCA does not create a waiver of immunity for violations of the UPA.**

The NMTCA waives governmental immunity for "the negligence of public employees

while acting within the scope of their duties in the operation or maintenance of any building, public

park, machinery, equipment, or furnishings." N.M. Stat. Ann. § 41-4-6(A) (2007).  The NMTCA

is

> the exclusive remedy against a governmental entity or public employee for any tort
> for which immunity has been waived under the [NMTCA] and no other claim, civil
> action or proceeding for damages, by reason of the same occurrence may be brought
> against a governmental entity or against the public employee.

N.M. Stat. Ann. § 41-4-17 (1982); *Celaya v. Hall*, 135 N.M. 115, 118 (N.M. 2004).  The UPA is

not included as a waiver within the text of Section 41-4-6(A), and the exclusiveness of the NMTCA

precludes Plaintiffs' Count III UPA claim.

B.   **The County's purchases of services are governed by its purchasing ordinances and the New Mexico Procurement Code, and because the County is also not engaged in trade, the UPA is not a proper basis for claims against it.**

The UPA regulates consumer trade practices that the County is not engaged in and which

conflict with existing law regulating the County's purchases.  Only the New Mexico Procurement

Code and the County's purchasing ordinances regulate its contract and services expenditures under

comprehensive regulatory schemes, and the Court must dismiss Plaintiff's UPA claims with

prejudice.

The UPA's purpose is to protect innocent consumers. *GandyDancer, LLC. v. Rock House CGM, LLC*, 453 P.3d 434, 442 (N.M. 2019). The UPA prohibits unfair, deceptive, or unlawful trade practices "in the conduct of any trade or commerce." NMSA 1978, § 57-12-3 (1971). Unfair or deceptive trade practices are any

> false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the *sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts* by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person[].

N.M. Stat. Ann § 57-12-2(D) (2019) (emphasis added). The UPA was never designed to regulate contracts and ethics between governmental entities and contractors which are already subsumed by the County's purchasing ordinances and the New Mexico Procurement Code.[1]

The County's purchasing ordinances also relieve the County of any obligation to pay for such unauthorized purchases. *See* Doña Ana County Ordinances, § 89-6(A) (Unauthorized purchases are those not supported by the County's budget or commission action "and includes any purchase whereby an employee has requested that a vendor provide supplies, equipment, or services in the absence of an approved formal purchase order or other Purchasing Department approval [].").

---

[1] *Compare* N.M. Stat. Ann. § 13-1-29 (1984) ("The purposes of the Procurement Code are to provide for the fair and equitable treatment of all persons involved in public procurement, to maximize the purchasing value of public funds and to provide safeguards for maintaining a procurement system of quality and integrity."); N.M. Stat. Ann. § 13-1-30(A) (2005) (The Procurement Code applies to "every expenditure by state agencies and local public bodies for the procurement of items of tangible personal property, services and construction."); Doña Ana County Ordinances, § 89-1 (The County's procurement ordinances apply to all elected officials, departments, agencies, individuals, and those authorized to make purchases with public funds controlled by the County including procedures and guidelines for the procurement of goods, services, and construction.); with *GandyDancer, LLC*, 453 P.3d at 439 (The UPA was modeled after the Uniform Deceptive Trade Practices Act which creates a private remedy for persons suffering pecuniary harm involving "misleading identification of businesses or good or false or deceptive advertising.").

The County is not a business nor is the County engaged in the sale, lease, rental, or loan of goods or services or extensions of credit or debt collection to permit a UPA claim against it. *See* N.M. Stat. Ann. § 57-12-2(D) (2019). Likewise, in their capacities as current and former public county officials, individual Defendants were not engaged in trade practices. *See* N.M. Stat. Ann. § 57-12-2(D) (2019). Accordingly, Count III fails to state claims against Defendants, and the Court must dismiss the claims with prejudice.

**II.    Plaintiff's straight negligence, negligent misrepresentation, fraud, and civil conspiracy claims must be dismissed with prejudice because there is no waiver under the NMTCA.**

Section 41-4-6 does not waive immunity for negligence, negligent misrepresentation, fraud, and civil conspiracy under the NMTCA. *See e.g., Thompson v. City of Albuquerque*, 386 P.3d 1015, 1018, 1020 (N.M. Ct. App. 2017) (finding an NMTCA waiver for loss of consortium claims against law enforcement officers when the injury arose out of an enumerated waiver); *see generally* N.M. Stat. Ann. § 41-4-17(A) (1982); *Luboyeski v. Hill*, 117 N.M. 380, 383 (N.M. 1994) (Section 41-4-17(A) arguably suggests that the NMTCA provides a complete list of waivers to the NMTCA). For the same reasons that the Court must dismiss Plaintiff's UPA claims without an NMTCA waiver, it must do the same for the negligence, negligent misrepresentation, fraud, and civil conspiracy claims in Counts IV–VI, and VIII.

**III.   The NMGA does not apply to the contract or the conduct Plaintiff alleges, and the Court must dismiss the claims in Count X with prejudice.**

The NMGA prohibits public officials from using their positions for their own or private benefit or for any purpose that does not advance the interests of the governmental entity they represent. Plaintiff contends that Defendant(s) improperly rejected a properly authorized contract for its legal service and impaired an investigation of Mr. Vigil, because Ms. Brown and County Attorney Nelson Goodin "were the actual persons of interest." [Doc. 1, ¶ 64]. Plaintiff's

allegations are vague, and none fall within the ambit of the NMGA. Even under the most generous reading of the Complaint, Plaintiff does not allege any conduct that violates the NMGA. Plaintiff does not assert that any of the individual Defendants abused their authority for any personal or private gain to bring the claims within the scope of §§ 10-16-3 or 10-16-4. Plaintiff seems to argue a violation of the NMGA when Section 10-16-7(B) forbids the type of contract that Plaintiff rests its claims on. Plaintiff argues that a contract for personal legal services, to be paid for by the County on Mr. Vigil's behalf, was properly executed yet disregarded. [Doc. 1, ¶ 10 ("Defendant Vigil represented that he had the authority and ability to contract [with] Plaintiff to perform legal services on his behalf and upon [the] behalf of the Dona Ana County Sheriff's Office.").

Plaintiff's claims against Defendants make no sense and fail under any of the NMGA's provisions. Accordingly, the Court must dismiss all related claims in Count X with prejudice.

**IV.    Despite naming the County as a defendant, Plaintiff improperly names individual Defendants in their official capacity when doing so is effectively naming the County. Therefore, the Court must dismiss individual Defendants in their official capacity as improper parties.**

Plaintiff has already named the County in this suit, yet, for all intents and purposes, has named the County again by naming individual Defendants in their official capacities. The Court must correct this redundancy by dismissing individual Defendants in their official capacities to leave only the claims directed at the County.

A county "is a body politic [] and may sue or be sued." N.M. Stat. Ann. § 3-18-1(A) (1972); *see also Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 n. 1 (10th Cir. 2002) (non-precedential) (Municipalities, not their constituent departments which are mere administrative arms, can sue and be sued under Section 3-18-1(A)). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…As such, it is no different from a suit against the [public entity] itself." *Printz v. United States*, 521

U.S. 898, 930–931 (1997) (quoting *Will v. Mich. Dep't of State Police* 491 U.S. 58, 71 (1988));
*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (A suit against an official in their official capacity
"is *not* a suit against the official personally, for the real party in interest is the entity.").

Because suits against public officials in their official capacities are suits against the
government entity they represent, the entity must receive notice and an opportunity to respond.
*Graham*, 473 U.S. at 166.  Under the New Mexico Tort Claims Act ("NMTCA"), government
entities, or their insurers, must provide a defense including costs and attorney's fees for any public
employee who commits a tort or violates a state or federal law while acting within the scope of
their duties.  N.M. Stat. Ann. § 41-4-4(B) (2001).

For all practical purposes, Plaintiff's suit is against the County rather than Vigil, Brown,
or Macias.  Each of Plaintiff's claims relate to fees and costs it alleges it is entitled to under a
purported contract between the County and Plaintiff.  [Doc. 1].  As their public employer, the
County has been sued insofar as Plaintiff names Vigil, Brown, and Macias in their official
capacities.  *See Printz*, 521 U.S. at 930–931; *Graham*, 473 U.S. at 166.  Likewise, neither Vigil,
Brown, nor Macias will be personally responsible for any settlement or damages awards insofar
as they are named in their official capacities.  N.M. Stat. Ann § 31-3-(B) (2001).

Per Fed. R. Civ. P. 10(a), inclusion of Vigil, Brown, and Macias in their official capacities
is surplusage, and they are not true and proper parties to the suit in their official capacities.  Thus,
the Court must dismiss Vigil outright and Brown and Macias to the extent they are named in their
official capacities.  *See* Fed. R. Civ. P. 21.

**V.      Plaintiff fails to allege specific wrongdoing committed outside the scope of individual Defendants' scope of duties to justify naming them in their individual capacities, and the Court must dismiss the claims with prejudice.**

Plaintiff's Complaint fails to describe any specific wrongdoing alleged against individual Defendants or wrongdoing committed outside the scope of their duties.  In so doing, Plaintiff commits two fatal errors: identifying factual allegations that fall short of notice pleading and allegations that do not implicate individual Defendants in their individual capacities.  *See Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. at 555 (Complaints must provide fair notice of what a claim is and the supporting grounds.).  Mere "labels and conclusions, and a formulaic recitation of a cause of action's elements" falls short of notice pleading.  *Twombly*, 550 U.S. at 555; *Celaya*, 134 N.M. at 121 (The NMTCA only compensates victims for "certain tortious acts committed by public employees while acting within their "scope of their duties."") (citing N.M. Stat. Ann. § 41-4-3(G) (2015)).

**A.      The Complaint does not describe what each individual Defendant is alleged to have done, and these claims must be dismissed without prejudice.**

In only two paragraphs of the Complaint on two claims does Plaintiff identify the names of any of the Defendants.  In Paragraph 57 under the civil conspiracy claim, Plaintiff identifies Ms. Brown and Mr. Vigil providing only that "Defendants Brown and [the County] were aware that Defendant Vigil hired Plaintiff for services rendered and that he followed proper procedures and policies to enter the agreements and pay Plaintiff."  [Doc. 1, ¶ 57].  That Ms. Brown and Mr. Vigil were allegedly aware of some conspiracy involving a contract between Mr. Vigil and Plaintiff does not describe any wrongful conduct or conduct meeting the prerequisites for civil conspiracy.  *See Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. 555; *Ettenson v. Burke*, 130 N.M. 67, 72 (N.M. Ct. App. 2000) (The elements of a civil conspiracy claim include 1) proof of a

conspiracy between two or more people; 2) specific wrongful acts were committed by the defendants as part of the conspiracy; and 3) the plaintiff was damaged as a result.).

In Paragraph 64 on Plaintiff's NMGA claim, Plaintiff contends that all Defendants took

action to *prevent Defendant Vigil from investigating Defendants Brown* and other Dona Ana County employees; Den[ied] payment of Plaintiff's invoices *when Defendant Vigil and/or his staff properly submitted payment*[; took] an official position that *Defendant Vigil and/or his staff did not properly obtain authorization when they actually did so*; [and] intentionally impair[ed] an investigation of Defendant Vigil because *Defendants Brown, County Attorney Nelson Goodin and others were the actual persons of interest.*

[Doc. 1, ¶ 64 (emphasis added)].  Again, while names are mentioned, there is no wrongful conduct to place individual Defendants on notice of how Plaintiff believes they wronged him or wronged him in violation of the NMGA.  *See Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. 555; N.M. Stat. Ann. §§ 10-16-14 (2020), 10-16-17 (2020), 10-16-18 (2020).

The remaining allegations in the Complaint refer to Defendants as a group or, confusingly, vaguely refer to a single unnamed Defendant, or refer to "[a]t least one or more of the [Defendants." [Doc. 1, ¶¶ 8–9, 11, 13, 60, 62].  Defendants cannot respond or defend against such ambiguous allegations, and the Court must dismiss the entirety of the Complaint with prejudice for Plaintiff's failure to meet notice pleading standards.  *See id.*

**B.     The Complaint does not describe any conduct that would indicate that individual Defendants acted outside the scope of their duties to justify naming them in their individual capacities.**

The NMTCA only compensates for harms caused by public employees acting within the scope of their duties, or duties their employer requested, required, or authorized the employee to perform.  *Celaya*, 134 N.M. at 121. "Scope of duty" is "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G) (2015); *see generally Risk*

*Mgmt. Div. Dep't of Fin. & Admin. v. McBrayer*, 129 N.M. 778, 781 (N.M. Ct. App. 2000) (The scope of duty standard under the NMTCA is distinct from the common law scope of employment standard for when a governmental entity is liable.).

The Complaint does not indicate that any of individual Defendants acted outside what their duties enabled them to do. *Compare McBrayer*, 129 N.M. at 784 (finding that a professor who used his authorized duty to distribute homework assignments, even if used as subterfuge to convince a student to come to his apartment to commit assault, was within the scope of his duties). Thus, the Court must dismiss individual Defendants with prejudice for failing to prove their place as defendants named in their individual capacity and failing to offer notice of the allegations against them. *See Erickson*, 551 U.S. at 93; *Twombly*, 550 U.S. 555.

## CONCLUSION

For the foregoing reasons, the Court must dismiss all claims against Defendants with the exception of the claims in Count IX (and the contract and breach of good faith and fair dealing claims).

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

_____
BLAINE T. MYNATT
New Mexico Bar No. 9471
DAMIAN L. MARTÍNEZ
New Mexico Bar No. 14678
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of December 2020, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

Gene N. Chavez
Chavez Law Offices, PA
1220 5th Street NW
Albuquerque, NM  87102
(505) 243-4363
gene@chavezlawoffices.com


_____
BLAINE T. MYNATT
DAMIAN L. MARTÍNEZ