UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHAVEZ LAW OFFICES, PA,**
a New Mexico corporation,

    Plaintiff,

vs.                          No.    2:20-CV-01022-CG-KRS

**ENRIQUE "KIKI" VIGIL, in his**
**official capacity as Sheriff of Doña**
**Ana County, BOARD OF COUNTY**
**COMMISSIONERS OF DOÑA ANA**
**COUNTY, JULIA BROWN, individually**
**and in her official capacity as Doña Ana**
**County Manager, FERNANDO MACIAS,**
**individually and in his official capacity as**
**Doña Ana County Manager,**

    Defendants.

### RESPONSE TO DEFENDANTS' MOTION TO DISMISS CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND MOTION FOR LEAVE TO AMEND COMPLAINT

    CHAVEZ LAW OFFICES, P.A., by and through Gene N. Chavez, its attorney, hereby respectfully responds to the Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(B)(6) filed herein by the Defendants.

### INTRODUCTION

THIS CASE ARISES from two (2) cases involving Motions for Temporary Restraining Order, one brought by Defendant Julia Brown against Defendant Enrique "Kiki" Vigil and one brought by Defendant Vigil against Defendant Brown and others. Both cases involve matters that are intrinsically related to Sheriff Vigil's duties as Sheriff of Doña Ana County. In both cases, Defendant Vigil was refused representation by the County and Defendant Brown and in one case an order was entered by the Third Judicial District Court disqualifying, on conflict of interest grounds, Doña Ana County Attorney Nelson Goodin from representing or holding himself out as representing Sheriff Vigil. It is against this background that Plaintiff provided legal representation in good faith to Sheriff Vigil, and now seeks to recover unpaid attorney's fees. Defendants seek to have this suit dismissed, except for its federal count, citing the New Mexico Tort Claims Act. For the reasons stated herein, this lawsuit survives Defendants challenge.

## Motion for Leave to File Amended Complaint

When considering a motion to dismiss under Rule 12(b)(6), a court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff[]." *Dias v. City and Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). A Complaint must allege "a plausible claim for relief," *Id*. That means it must contain factual allegations that

"raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To be "plausible" an allegation need not be probable or even likely provable. *Id*. at 556. Granting a motion to dismiss remains "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009).

Thus, Defendants request for dismissal of the claims brought against individual Defendants, in which they apply the "plausibility" standard is proper, but, is a reasonable basis for Plaintiff's request to amend. While Plaintiff does not concede that its Complaint cannot meet the plausibility standard, it is a fact that the Complaint was prepared for and filed in the Third Judicial District Court (New Mexico). Despite the federal courts' shift away from Notice Pleading standard, New Mexico has repeatedly reaffirmed that it remains a Notice Pleading jurisdiction. Rather than needlessly dispute whether a notice pleading Complaint meets the Plausibility standard applicable in this Court, Plaintiff has added the information it believes makes it inarguable that the proposed Amended Complaint,

attached hereto as *Exhibit A*. Indeed, it appears to the Plaintiff that Defendant has submitted its Motion to Dismiss on all counts *except* the federal cause of action to avoid the possibility that the case would be decided by under notice pleadings should the Motion to Dismiss that Defendants are certain to file regarding Count IX be successful.

Given that the Complaint was drafted to meet the notice pleadings standard, that the case was removed, and that the plausibility standard is now the applicable test, Plaintiff respectfully requests leave to file the attached proposed Amended Complaint. Leave to amend to add additional details in support of the Complaint Such leave should be freely granted. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A proposed First Amended Complaint is attached hereto and herein incorporated by reference. Leave to amend is requested.

**There is No Tort Claims Act Immunity for Breach of Contract Claims. Asa result, there is no support for Defendants' request to dismisss Count I (Breach of Contract).**

Defendant's Motion is opaque with regard to the basis upon which it relies to request the dismissal of Plaintiff's breach of contract claim, which was Count I in

the present complaint and remains Count I in the proposed First Amended Complaint. Defendants' Motion states: "the Complaint raises a breach of contract…in Count[] 1…" Defendants' Motion, p. 1. Defendants continue and inform the Court that they "move to dismiss all but Count IX for Plaintiff's Complaint failure to state proper claims" under Rule 12(b)(6). Motion at p.2.

Defendants' Motion then immediately addresses Counts III and IV of Plaintiffs' Complaint. *Id.*, p. 2. In fact, other than acknowledging that there *is* a breach of contract claim and informing the Court that is should dismiss all claims except Count IX, which request *includes* the breach of contract claim in Count I, there is no analysis provided in Defendants' Motion regarding Count I. Presumably, Defendants' request to dismiss is based upon Defendants' assertion of immunity from suit, which is statutory immunity provided by the Tort Claims Act. Assuming Defendants did seek the dismissal of Count I of the Complaint, Defendants' request that this Court dismiss Plaintiff's breach of contract claims based upon the immunity provided by the TCA is premised upon a marked misapprehension of law, to wit: the Tort Claims Act does not grant immunity for claims that do not sound in tort. NMSA 1978, §§41-4-1, *et seq.*, (as amended Sep. 20, 2020). Instead, the immunity granted by the Tort Claims Act is limited to tort claims. Specifically, the act, provides that:

> A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act and by Sections 41-4-5 through 41-4-12. Waiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through 41-4-25 NMSA 1978, but the waiver of immunity provided in those sections does not waive immunity granted pursuant to the Governmental Immunity Act.

*Id*. The Board of County Commissioners Dona Ana County has been sued for breach of contract in the past and so is presumably aware that the Tort Claims Act does not shield them from a breach of contract claim. *See, e.g., Granados v. Board of County Commissioners of Dona Ana County*, D-307-CV-2011-01404 (Verdict for the Plaintiff for $250,497, entered July 03, 2013). Breach of a written contract is not an action in tort. Neither the County nor Sheriff Vigil are immunized from breach of contract claims.

**Some of the Concerns Raised in Defendants' Motion can be Resolved Expediently.**

### A. "Official Capacity" Suits are Duplicative to Claims Against the County

In Heading Number IV, which Plaintiff is addressing out of order, Defendants argue that naming the County and naming individuals acting in their official capacity is redundant. Defendants contend that the "official capacity" claims should be dismissed. Plaintiff agrees that official capacity suits against individuals

without policymaking authority are not cognizable and, further, agrees that official capacity suits against policymakers are duplicative of suing the County. In this case, the Board of County Commissioners of Dona Ana County, has been named and served. Plaintiff consents to the dismissal of "official capacity" claims against the three individuals identified in the Complaint, to wit: Enrique "Kiki" Vigil, County Manager Julia Brown, and County Manager Fernando Macias. Plaintiff requests that the Court take note that the claims against the Board of County Commissioners of Dona Ana County are brought against the County for actions undertaken by its policymaking officials. The County is the proper party to sue, as opposed to "official capacity" claims against individuals, but the actions the County is being sued for are those actions undertaken by the identified persons. In addition, Plaintiff seeks leave to file an Amended Complaint to add the detail requested by Defendants with regard to claims made against these individuals in the individual capacity. The fact that a claim against the employing county exists does not entitle the individuals to the dismissal of individual capacity claims. Fed.R.Civ.P.21 entitles Defendants only to a dismissal.

> **B. Violations of the Covenant of Good-Faith and Fair Dealings (Count II); Violations of the Unfair Practices Act (Count III); Claim for Negligence (Count IV); Negligent Misrepresentation (Count V); Unconscionable Trade Practice (Count VII) should be Dismissed. Although the Tortious Behavior underlying those Counts Remains Actionable, the Specific Claims are Subsumed within Tort Claims**

> ***Alleged in the Proposed Amended Complaint. The Tort Claims therein are Authorized by § 44-4-12.***

While the same actions that gave rise to Plaintiff's claim for violations of the Covenant of Good Faith and Fair Dealings (Count II) and violations of the Unfair Practices Act (Count III) are actionable under the Tort Claims Act, as explained herein, the Defendants are correct that immunity for these specific claims are not waived. Therefore, while the fraud and tortious behavior underlying these claims remains part of the claims included in the proposed Amended Complaint, the specific claims should be dismissed. Plaintiff For the same reasons, Plaintiff consents to the dismissal of Counts IV, V, and VII. Plaintiff has removed Counts II, III, IV, V, and VII from the proposed Amended Complaint.

> ***C. Immunity for Civil Conspiracy is not Waived for Defendants Julia Brown and Fernando Macias. Plaintiff Consents to the Dismissal of Count VIII.***

Civil conspiracy consists of showing "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Silva v. Town of Springer*, 1996–NMCA–022, ¶ 25, 121 N.M. 428, 912 P.2d 304. "Unlike a conspiracy in the criminal context, a civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability

unless a civil action in damages would lie against one of the conspirators." Ettenson, 2001–NMCA–003, ¶ 12, 130 N.M. 67, 17 P.3d 440 (internal quotation marks and citation omitted). "Without an actionable civil case against one of the conspirators, however, an agreement, no matter how conspiratorial in nature, is not a separate, actionable offense." *Id*.

As our Supreme Court said in Armijo v. National Surety Corporation, "[t]he gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage—not the conspiracy or the combination." 58 N.M. 166, 177–78, 268 P.2d 339, 346 (1954) (internal quotation marks and citation omitted). We find it significant that this observation refers to "damage" rather than "damages." The operative focus for determining whether liability may be imputed is on the acts and the injury resulting from those acts, not on whether a given conspirator may be held liable for damages. *Seeds v. Lucero*, 2005-NMCA-067, ¶ 20, 137 N.M. 589, 594, 113 P.3d 859, 864.

**New Mexico Tort Claims Act Permits suit for Fraud (Count VI) and Violations of the Governmental Conduct Act (Count X) Against Sheriff Vigil. The Operative Waiver is § 41-4-12. All of the Claims Contained in the Proposed First Amended Complaint are Actionable against .**

> *A. Defendants' Motion Ignores the Fact that the Operative Tort Claims Act Waiver for the Sherriff.*

Defendants argue that the claims brought by Plaintiff as Count VI and Count X do not fall within the Tort Claims Act wavier found at §44-1-6. Be that as it may the claims against Sheriff Vigil fall within the waiver set forth at NMSA 1978, § 44-4-12 (Sep. 20, 2020), which states:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, the independent tort of negligent spoliation of evidence or the independent tort of intentional spoliation of evidence, **failure to comply with duties established pursuant to statute or law** or any other deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. For purposes of this section, "law enforcement officer" means a public officer or employee vested by law with the power to maintain order, to make arrests for crime or to detain persons suspected of or convicted of committing a crime, whether that duty extends to all crimes or is limited to specific crimes.

The terms of the waiver make it clear that Sheriff Vigil is suable for fraud and for failing to follow the law. As a result, the Complaint against Defendant Vigil in his individual capacity for fraud must proceed.

**WHEREFORE**, Plaintiff requests that the Motion to Dismiss be granted in part and denied in part, and that the Court permit it to file the attached proposed

Amended Complaint. The Amended Complaint does not include official capacity charges or counts against any one other than Defendant Sheriff Vigil. It does not include any counts that are not permitted under the Tort Claims Act.

        Respectfully submitted,

        */s/ Gene N Chavez*
        Gene N. Chavez
        1220 5th St. NW
        Albuquerque, New Mexico  87102
        505-243-4363
        505-217-2157-fax
        gene@chavezlawoffices.com

        Attorney for Plaintiff

I hereby certify the foregoing was served via the CM/ECF system on this 23rd day of December, 2020, on all counsel of record.

*/s/ Gene N. Chavez*
Gene N. Chavez

_____
RESPONSE TO 12(B)(6) MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
CHAVEZ v. VIGIL, ET AL., USDCNM No. 2:20-cv-01022-KWR-KRS
Page 11