# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHAVEZ LAW OFFICES, P.A.,

    Plaintiff,

v.                                               Case No. 2:20-cv-01022-KWR-KRS

ENRIQUE "KIKI" VIGIL, in his
official capacity as Sheriff of Doña
Ana County, BOARD OF COUNTY
COMMISSIONERS OF DOÑA ANA
COUNTY, JULIA BROWN, individually
and in her official capacity as Doña Ana
County Manager, FERNANDO MACIAS,
individually and in his official capacity as
Doña Ana County Manager,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss, filed December 2, 2020 **(Doc. 10)**. Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' Motion is well taken in part and therefore is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims under Counts II-V, VII, and VIII, as well his claims against all individually named parties in their "official capacity" are dismissed. The Court grants Plaintiff's request for leave to amend.

### BACKGROUND

Plaintiff filed a ten-count complaint[1] in New Mexico state court, including nine state law claims and one claim pursuant to the federal Racketeer Influenced and Corrupt Organizations Act

---

[1] Plaintiff asserted the following claims: breach of contract (Count I); breach of the duty of good faith and fair dealing (Count II); violation of the New Mexico Unfair Trade Practices Act ("UPA") (Count III); negligence (Count IV);

("RICO"). *See* 18 U.S.C. §§ 1964 ("any person injured in his business or property by reason of a violation of section 1962… may sue therefore in any appropriate United States District Court"), 1965(a) (1970) ("Any civil action or proceeding under [RICO] against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."). This matter was removed from state court on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331, 1441(a) (2011) (Civil actions brought in state court may be removed to federal district court when a federal court has original jurisdiction over the action.) Plaintiff sought to remand the case to state court **(Doc. 4),** incorrectly citing to 28 USC § 1332(A), the diversity jurisdiction statute, which the Court denied. **Doc. 9**

Defendants filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all claims except Count IX. **Doc. 10.** Plaintiff's Response, while convoluted and unclear, consents to the dismissal of Counts II-V, VII, and VIII, as well as dismissal against all individually named parties in their "official capacity." **Doc. 16 at 7-9.** Noting that the Complaint was drafted to meet New Mexico "notice pleading standards" prior to removal to federal court, Plaintiff "seeks leave to file an Amended Complaint to add the detail requested by Defendants with regard to claims made against these individuals in the individual capacity" and to add additional factual information to meet the requisite standard. *Id.* **at 7.**

At this stage in the case, amendment should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [her] an opportunity to amend [her] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), *quoted in*

---

negligent misrepresentation (Count V); fraud (Count VI); "unconscionable trade practices" (Count VII); civil conspiracy (Count VIII); a RICO claim (Count IX); violation of the New Mexico Governmental Act ("NMGA") (Count X).

2

*Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (court "should dismiss *with leave to amend* ... if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief."), *quoted in Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011). Here, the Court has not concluded that amendment would be futile.

Here, because Plaintiff filed his complaint in state court, and the Court has not concluded that amendment would not be futile, the Court finds it is in the interest of justice to grant leave to amend. Defendants can move to dismiss the amended complaint if appropriate. The Court directs Plaintiff to ensure its amended complaint is in conformity with the Court's Order.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 10)** is hereby **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that the Complaint's claims under Counts II-V, VII, and VIII, as well all claims against individually named parties in their "official capacity" are **DISMISSED**;

**IT IS FINALLY ORDERED** that Plaintiff's request for leave to amend the complaint is **GRANTED.** Plaintiff may file an amended complaint within **thirty (30) days** of the entry of this order.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**

---

[2] For example, Plaintiff's attached Proposed Amended Complaint (Doc. 16-1, First Amended Complaint) still lists individually named defendants in their "official capacity," despite all official capacity claims being dismissed.